IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| LG.PHILLIPS DISPLAYS USA, INC., | ) Case No. 06-10245 (BLS) |
| | ) |
| Debtor. | ) |
| ――――――――――――――――――― | ) |
| JEOFFREY L. BURTCH, Chapter 7 Trustee of the Bankruptcy Estate of LG.Phillips Displays USA, Inc., | ) |
| | ) |
| Plaintiff, | ) Adversary No. 08-50458 (BLS) |
| v. | ) |
| | ) |
| JPMORGAN CHASE BANK, N.A. and JPMORGAN CHASE BANK, N.A., HONG KONG BRANCH, individually, and as Agent and Security Agent, | ) |
| | ) |
| Defendants. | ) |

OPINION[1]

Before the Court is the motion (the "Motion") [Docket No. 33] of Jeoffrey L. Burtch, Chapter 7 Trustee of the Bankruptcy Estate of LG.Phillips Displays USA, Inc., (the "Trustee"), for leave to file an amended complaint ("the Proposed Amended Complaint"). JPMorgan Chase Bank, N.A. and JPMorgan Chase Bank, N.A. Hong Kong Branch (collectively referred to hereinafter as "JPMorgan Chase") object to the Motion on the ground that the Motion and the Proposed

_____

[1]    This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

Amended Complaint are made in bad faith and, alternatively, that the proposed amendments are futile (the "Objection"). For the following reasons, the Court will overrule the Objection and grant the Motion.

## I.  BACKGROUND

On March 15, 2006 (the "Petition Date"), LG.Phillips Displays USA, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"). On May 26, 2006, the Debtor's Chapter 11 case was converted to Chapter 7 and the Trustee was subsequently appointed. On March 13, 2008, the Trustee commenced this adversary proceeding by filing a complaint (the "Complaint") [Docket No. 1] against JPMorgan Chase that alleged fifteen distinct causes of action. These included claims for equitable subordination pursuant to sections 510(c) and 105(a) of the Code ("Count I"); avoidance of a fraudulent transfer pursuant to section 548 of the Code ("Count II"); avoidance of a fraudulent transfer pursuant to section 273 of the New York Debtor and Creditor Law ("Count III"); the subordination of a security interest purportedly perfected under Mexican law ("Count IV"); the recovery of certain liens pursuant to section 550 of the Code ("Count V"); the disallowance of claims pursuant to section 502(d) of the Code ("Count VI"); breach of fiduciary duty ("Count VII"); aiding and abetting breach of fiduciary duty by the officers and directors of the Debtor ("Count VIII"); aiding and abetting breach

of fiduciary duty by the officers and directors of a joint venture known as LG.Phillips Displays Holding B.V. ("Count IX"); fraudulent omission of a material fact as to the Debtor ("Count X"); fraudulent omission of a material fact as to third party trade creditors ("Count XI"); two separate claims of tortious interference with contractual relations and business expectancy ("Count XII" and "Count XIII"); prima facie tort ("Count XIV") and turnover of property of the estate pursuant to section 542 of the Code ("Count XV").

On May 23, 2008, JPMorgan Chase filed (i) an answer to the Complaint, in which it asserted eighteen affirmative defenses and five counterclaims (the "Answer") [Docket No. 10], and (ii) a motion for partial dismissal of the Complaint, which sought dismissal of Counts IV, VII, VIII, IX, X, XI, XII, XIII, and XIV (the "Motion for Partial Dismissal") [Docket No. 11]. Following the Filing of the Motion for Partial Dismissal, the Trustee and JPMorgan Chase reached a stipulation regarding the procedure that would be utilized in the event the Trustee chose to file an amended complaint (the "Stipulation") [Docket No. 22, Exhibit A]. The Stipulation provided that, if the Trustee wished to file an amended complaint, the Trustee was required to provide a draft of the Proposed Amended Complaint to JPMorgan Chase by July 9, 2008. Moreover, if JPMorgan Chase agreed to the filing of the Proposed Amended Complaint by July 14, 2008, then the Trustee was required

to file the Proposed Amended Complaint by July 16, 2008.   If JPMorgan Chase did not agree to the filing of the Proposed Amended Complaint, however, the  Stipulation required the Trustee to file a motion for leave to file the Proposed Amended Complaint with the Court by July 22, 2008.

On July 9, 2008, the Trustee provided a draft of the Proposed Amended Complaint to JPMorgan Chase.  JPMorgan Chase subsequently refused to consent to the filing of the Proposed Amended Complaint, and thus the Proposed Amended Complaint was not filed by July 16, 2008.  Instead, by later stipulation of the parties, it was agreed that the Motion and the Proposed Amended Complaint would be filed with the Court by August 1, 2008, which was done.

The Proposed Amended Complaint filed with the Court differs significantly from the Complaint that commenced this adversary proceeding.  As a result of the Trustee's continuing investigation, the Proposed Amended Complaint contains seven claims that are directed against a third-party defendant (the "Third-Party") that was not named in the Complaint.  These seven claims are contained in Counts I through VII of the Proposed Amended Complaint.

The Proposed Amended Complaint reduces the number of claims asserted against JPMorgan Chase from fifteen to six.  These  six claims are for fraud ("New Count VIII"); the avoidance of liens on certain property located in Mexico and the recovery of the collateral pursuant to sections 544 and 550 of the Code ("New Count

IX"); a prima facie tort claim ("New Count X"); an accounting ("New Count XI"); equitable subordination pursuant to sections 510(c) and 105(a) of the Code ("New Count XII"); and disallowance of claim pursuant to section 502(d) of the Code ("New Count XIII"). The Proposed Amended Complaint also significantly changes the factual averments contained in the Complaint.[2]

On August 20, 2008, JPMorgan Chase filed its Objection to the Motion. The Trustee then filed a reply to the Objection on September 8, 2008 (the "Trustee's Reply"), in which the Trustee announced that it was dropping New Count VIII and New Count X from the Proposed Amended Complaint. (Trustee's Reply at 2). This leaves the Trustee seeking to proceed against JPMorgan Chase on four claims: New Counts IX, XI, XII, and XIII.

This matter has been fully briefed and argued. It is ripe for decision.

## II. JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this

---

[2]    Although these changes are too extensive to be recited in their totality within this opinion, the Court has carefully reviewed all of these changes, and placed extra scrutiny on those changes highlighted in the Objection as evidence of the Trustee's bad faith. The Court notes that JPMorgan Chase's allegations of bad faith primarily focus on changes to (1) those averments concerning Displays USA's management and its knowledge of JPMorgan Chase's allegedly improper conduct; and (2) those averments concerning several decisions of Displays USA's management; and (3) those averments alleging that JPMorgan Chase controlled and dominated Displays USA.

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Consideration of this adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B), (E), (H), (K), and (O).

### III.  DISCUSSION

A.  The Legal Standard

Federal Rule of Civil Procedure 15(a), which Federal Rule of Bankruptcy Procedure 7015 makes applicable to adversary proceedings, states that once a responsive pleading is filed, as was the case in this matter, a party may amend its pleading only with the opposing party's written consent, or by leave of court. The Rule further provides that "[t]he court should freely give leave when justice so requires." FED. R. BANKR. P. 7015; FED. R. CIV. P. 15(a).  As such, it is within the Court's discretionary powers to grant or deny a motion for leave to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and "[t]he policy of the [F]ederal [R]ules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981); see also Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1186 n.19 (3d Cir. 1994).

Despite this policy of liberal amendment, however, the federal courts have developed an oft-recited list of circumstances that may justify denying leave to amend.  "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith,

dilatory motive, prejudice, and futility." In re Burlington Coat
Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). See also
In re Global Link Telecom Corp., 327 B.R. 711, 718 (Bankr. D. Del.
2005) (quoting Valley Media, Inc. v. Borders, Inc. (In re Valley
Media, Inc.), 288 B.R. 189, 193 (Bankr. D. Del. 2003)). In the
present dispute, JPMorgan Chase alleges that two of these grounds
- bad faith and futility - are present and should prevent the Court
from granting the Trustee leave to amend the Complaint.

B.    Bad Faith

JPMorgan Chase objects to the Motion on the ground that the
Proposed Amended Complaint is "rife with bad faith." (Objection at
1). The conduct giving rise to this bad faith, JPMorgan Chase
alleges, is the Trustee's "purposeful evasion of previously
admitted facts." (Id.). That is, JPMorgan Chase contends that the
Trustee erred initially by including factual averments in the
Complaint that would have caused this Court to grant a motion to
dismiss some of the Trustee's claims under the affirmative defense
of in pari delicto. Thus, JPMorgan Chase theorizes that the
Trustee decided to file an amended complaint to omit these
troublesome facts.

For its part, the Trustee has repeatedly asserted several
legitimate grounds for the changes it seeks to make in the Proposed
Amended Complaint. Pursuant to a continuing investigation, the
Trustee sought to (i) add an additional party as a Defendant in

this matter; (ii) eliminate several causes of action that were asserted against JPMorgan Chase and factual averments that were pled to accompany them in an attempt to streamline the Complaint; and (iii) plead its fraud claim, now since abandoned, with the requisite particularity required for such a claim by Federal Rule of Civil Procedure 9(b).    (Motion at 1; Trustee's Reply at 5, 7, and 11).

Other courts have held that denying leave to amend a complaint may be proper where, by omitting allegations that were contained in a previously filed complaint, the plaintiff seeks to "erase" admissions that were made in the original complaint. See WestLB AG v. TPS McAdams, LLC (In re Enron Corp.), 370 B.R. 583, 597 (Bankr. S.D.N.Y. 2007). This tactic is made possible, it should be noted, because an amended complaint ordinarily supersedes the original complaint, thus rendering the earlier pleading of no legal effect. Id. See also International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978).  To avoid this sort of gamesmanship in cases where a party seeks to omit an allegation contained in the original complaint that would defeat one of its claims for relief, the party seeking to amend the complaint must present a "legitimate explanation" for its previous inclusion in the complaint and omission from the proposed amended complaint. Enron, 370 B.R. at 597-98.

The Court is not convinced that the facts omitted from the

Proposed Amended Complaint in the present case would defeat the Trustee's remaining claims if they were to remain in the Proposed Amended Complaint.  Even if the Court did believe this to be the case, however, the Court would still conclude that the Trustee has provided an adequate and legitimate explanation for each of the changes it seeks to make.  The fact that some changes were prompted by a different reason or reasons than that which precipitated other changes is of no matter.

This case differs significantly from Enron, JPMorgan Chase's principal authority for its bad faith argument.  In Enron, no legitimate explanation was given to the court for the proposed changes the plaintiff sought to make to his complaint.  Id. at 598.  Additionally, the proposed changes to the complaint in Enron were made in direct violation of a court order that restricted the scope of the amendments which could be made to the complaint.  Id. at 598, n.4.  No such order is in effect here.

Accordingly, the Court refuses to deny the Motion on the grounds of bad faith.

C.    Legal Futility

The Objection also contends that the Motion should be denied because the Trustee's proposed amendments are legally futile.  More specifically, the Objection argues that New Counts VIII, IX, and X, the fraud, avoidance of lien on Mexican collateral, and prima facie

9

tort claims respectively, are deficient and thus futile.[3]

As noted previously, the Trustee has elected to abandon New Counts VIII and X. This leaves the Objection essentially challenging only New Count IX, the avoidance of the lien on Mexican collateral claim, on the grounds of futility.

It is well established that a Court may refuse to grant leave to amend a complaint where the amendment would be futile. See, e.g., Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007); Hollander v. Flash Dancers Topless Club, 173 Fed. Appx. 15, 19 (2d Cir. 2006). An amendment is futile when the proposed pleading would not survive a motion to dismiss. PCT v. Authentic Specialty Foods, Inc. (In re Fleming Cos., Inc., 347 B.R. 163, 167-68 (Bankr. D. Del. 2006) (citing Rouge Steel Co. v. OmniSource Corp. (In re Rouge Indus., Inc.) No. ADV.A. 05-52242, 2006 WL 14896, at **2, 5 (Bankr. D. Del. Jan. 19, 2006). Thus, a court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Massarsky v. General Motors Corp.,

---

[3]     Footnote 18 to the Objection states: "The only other claim in the Amended Complaint based on alleged misconduct is an equitable subordination claim (Count XII). Although the Trustee is not technically seeking to amend this claim, this claim appears to stand or fall on the same proposed amendments underlying the new fraud claim." (Objection at 16, n. 18). JPMorgan Chase echoed this contention at oral argument.

The Court finds that, as acknowledged by JPMorgan Chase in the Objection, the Trustee is not seeking to amend the equitable subordination claim. Therefore, the Court does not need to evaluate whether the equitable subordination claim is futile. If the Court were to conduct such an evaluation, however, it would nevertheless find that the Trustee has at this stage pled an equitable subordination claim that is not demonstrably futile.

706 F.2d 111, 125 (3d Cir. 1983).

The Court is satisfied that the Trustee's claim for avoidance of the lien on the Mexican collateral would survive a motion to dismiss, and is therefore not futile. At the heart of this dispute is whether, under Mexican law, the pledge created with the collateral in question was a properly perfected "traditional commercial pledge," or whether it was a "pledge without transfer of possession." A pledge without transfer of possession requires registration of that pledge with the Public Registry of Commerce to be properly perfected, an action JPMorgan Chase did not take.[4]

In order for the Court to conclude with certainty whether the pledge in question was a traditional commercial pledge or a pledge without transfer of possession, the facts of this dispute need to be further developed. The Court finds that this further factual inquiry is necessary because the Trustee has pled facts regarding the intent of the parties and the nature of their relationship that, if proven, could allow the Court to conclude that the pledge created with the collateral located in Mexico was a pledge without transfer of possession under Mexican law. Given this, and the fact that JPMorgan Chase failed to record its pledge in the Public

---

[4]     Under applicable Mexican law, the Ley General de Titulos y Operaciones de Crédito (LGTOC), such a pledge must be made in writing. Additionally, when the transaction involves goods that are valued over a minimum monetary threshold that is applicable here, the signatures to the agreement must be ratified before a notary public or a public broker. Article 365, LGTOC. The pledge then becomes effective as to third parties from the time it is recorded with the appropriate Public Registry of Commerce. Article 366, LGTOC.

Registry of Commerce, JPMorgan Chase's security interest in the Mexican collateral could be subject to avoidance by the Trustee. Thus, the claim would survive a motion to dismiss and therefore is not futile.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the Trustee has sought leave to file the Proposed Amended Complaint in good faith.   The Court also finds that granting leave to file the Proposed Amended Complaint is not futile.   Accordingly, the Court will approve the Motion.

An appropriate order follows.

By the Court,

Dated: October 31, 2008

Brendan Linehan Shannon
United States Bankruptcy Judge